**THE LAW OFFICES OF
BENJAMIN G. KELSEN, ESQ. LLC**
1415 Queen Anne Road, Suite 206
Teaneck, NJ 07666
Phone: 201-692-0073
Fax: 201-692-0151
Email: *info@kelsenlaw.com*

| | |
|---|---|
| **DOVID BENDER,**     Plaintiff(s), | **THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |
| v. | **CIVIL ACTION:** |
| **VERIZON WIRELESS, INC.**, A Professional Collection Agency and **JOHN DOES 1-25**,     Defendant(s) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, **DOV BENDER** (hereinafter, "Plaintiffs"), a New Jersey resident, brings this complaint by and through their attorneys, **THE LAW OFFICES OF BENJAMIN G. KELSEN, ESQ. LLC**, against **VERIZON WIRELESS, INC.**, A Professional Collection Agency and **JOHN DOES 1-25** (hereinafter "Defendants"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiffs' counsel, except for allegations specifically pertaining to the Plaintiffs, which are based upon Plaintiffs' personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## NATURE OF THE ACTION

3. Defendant's actions violated Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

4. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

5. Plaintiff resides in the Township of Lakewood, County of Ocean, and State of New Jersey.

6. Defendant, **VERIZON WIRELESS, INC.**, (herein after referred to as "**VERIZON WIRELESS, INC.**") is a business with its principal office located at One Verizon Way, Basking Ridge, New Jersey 07920.

7. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## FIRST CAUSE OF ACTION
*(Defendants' Violations of the TCPA)*

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

9. On information and belief, on a date better known to the Defendant, began its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages since March 4, 2016 by calling his cell phone number of 916-384-9581 numerous times *looking for a third party*.

10. Plaintiff is the sole subscriber of the cellular phone account bearing the phone number of 916-384-9581, and has been the sole subscriber of that account at all times relevant hereto.

11. Plaintiff is the sole party financially responsible for the payment of the cellular account bearing the phone number of 916-384-9581, and has been the sole party financially responsible for that account at all times relevant hereto.

12. Plaintiff is the customary and sole user of the cellular phone number 916-384-9581, and has been the customary and sole user of that phone number at all times relevant hereto.

13. The Defendants called from numerous phone numbers, including but not limited to 916-288-8903, 916-248-8389, 916-589-8600, 916-248-8418, 888-423-0900, 866-803-4839, 818-742-1326, 800-837-4966, 866-486-9758, 855-898-3244, 239-214-2609, 916-589-1904, 916-430-2355, 866-486-9758, 201-2531018, 855-396-8939, and 800-256-4646, all of which numbers belong to Defendants.

14. On or about March 8, 2016 the Plaintiff called the Defendants and after following the directions of the robotic voice on the other line, was connected to a live representative on the line.

15. During the March 8, 2016 phone call, the Plaintiff requested that the Defendants stop calling his cell phone.

16. After the March 8, 2016, Defendants continued calling the Plaintiff with an automated telephone dialing system and prerecorded voice messages several times per day.

17. Defendant called the Plaintiff utilizing the numbers 916-288-8903, 916-248-8389, 916-589-8600, 916-248-8418, 888-423-0900, 866-803-4839, 818-742-1326, 800-837-4966, 866-486-9758, 855-898-3244, 239-214-2609, 916-589-1904, 916-430-2355, 866-486-9758, 201-2531018, 855-396-8939, and 800-256-4646 in excess of 150 times with an automated telephone dialing system and prerecorded voice messages.

18. During the March 8, 2016 phone call the Plaintiff was told by a representative of the Defendant informed the Plaintiff that his phone number was associated with 12 different accounts. Plaintiff the told her only that only one entity should have this number. Defendant's representative said she would take care of the problem.

19. Following this call, the Plaintiff additionally received over 300 calls from the Defendant utilizing the number 800-922-0204.

20. The Plaintiff never gave the Defendants their prior, express permission to call their cell phone via the use of an automated telephone dialing system or prerecorded voice.

21. Plaintiff had no wish to be contacted on their cell phone via the use of an autodialer or prerecorded voice, and expressly directed Defendants to stop calling their cell phone number multiple times.

22. Defendants refused to cease calling the Plaintiff's cellular phone, and continued to call the Plaintiff's cellular phone via the use of an automated telephone dialing system and prerecorded voice.

23. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendants violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

24. The Defendants therefore willfully violated the TCPA numerous times by placing autodialed calls and prerecorded messages to the Plaintiff's cell phone after he expressly instructed the Defendants to cease calling him.

25. As a direct result of Defendants' placement of calls to Plaintiff, Plaintiff was further deprived of the use of her cellular phone during the times that the Defendant was calling their phone, along with the nuisance that readily comes with receiving auto dialed phone calls.

26. Defendants' communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

27. As a result of Defendants' violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## PRAYER FOR RELIEF

28. **WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:
    a. For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;
    b. Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;
    c. Awarding Plaintiff statutory damages and actual damages;
    d. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;
    e. Awarding pre-judgment interest and post-judgment interest; and
    f. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: June 30, 2016

Benjamin G. Kelsen, Esq.
**THE LAW OFFICES OF**
**BENJAMIN G. KELSEN, ESQ. LLC**
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Dated: June 30, 2016

Benjamin G. Kelsen, Esq.

**THE LAW OFFICES OF**
**BENJAMIN G. KELSEN, ESQ. LLC**
*Attorneys for Plaintiff*

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, **BENJAMIN G. KELSEN**, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 30, 2016

                                                 Benjamin G. Kelsen, Esq.
                                               **THE LAW OFFICES OF**
                                               **BENJAMIN G. KELSEN, ESQ. LLC**
                                               *Attorneys for Plaintiff*

### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

Dated: June 30, 2016

                                                 Benjamin G. Kelsen, Esq.
                                               **THE LAW OFFICES OF**
                                             **BENJAMIN G. KELSEN, ESQ. LLC**
                                             *Attorneys for Plaintiff*